383 F.Supp. 37 (1974)
In the Matter of SPORT SHACK, a corporation, Bankrupt.
RAVEN INDUSTRIES, INC., Plaintiff,
v.
M. NOLDEN, Trustee, Defendant.
No. 4-72-0429 ACW.
United States District Court, N. D. California.
October 1, 1974.
*38 Frederick Gotha, San Francisco, Cal., for plaintiff.
David S. Murray and Philip S. Warden, Dinkelspiel & Dinkelspiel, San Francisco, Cal., for defendant.

ORDER REVERSING ORDER OF REFEREE IN BANKRUPTCY
WOLLENBERG, District Judge.
Raven Industries, Incorporated (Claimant) and the Trustee in Bankruptcy, both appeal from the order of the Referee in Bankruptcy, filed September 27, 1973, finding that Raven had failed to perfect a security interest in certain property Raven had sold to Sport Shack, a corporation which subsequently entered into bankruptcy proceedings.
Raven sought to perfect a security interest in certain goods it sold to Sport Shack by filing a Financing Statement as required by California Commercial Code Section 9402. The Trustee claims the Statement filed by Raven is deficient in four respects[1] and that, accordingly, *39 Raven has failed to perfect a security interest in the property. Raven claims its asserted security interest is valid because it filed a Financing Statement in substantial compliance with Section 9402, which specifies the necessary contents of such a statement. The Referee in Bankruptcy was unpersuaded by three of the four alleged defects, but nevertheless, found the security interest defective because Raven failed to comply with Section 9402 in one respect.[2] Both parties have appealed the Referee's decision. The question before this Court is whether the Financing Statement filed by Raven satisfies California statutory requirements for perfecting a security interest.
The Referee found that the Financing Statement failed to comply with Section 9402 because it was not signed by the secured party, Raven Industries, Inc. Cal. Comm. Code Section 9402(1). While the handwritten words "Raven Industries, Inc." appear in the space labeled "Secured Party" on the Financing Statement, the Trustee claims this is inadequate for two reasons. First, the Financing Statement bears no indication that Raven intended to authenticate the signature through the handwritten inscription. Second, a corporation can act only through its agents, and no agent of Raven signed the Financing Statement.
The Trustee's first contention is without merit. California Commercial Code Section 1201(39) defines "signed" as including "any symbol executed or adopted by a party with present intention to authenticate a writing." Raven's signature in the space provided for it sufficiently indicates the necessary intent. In Re Harvath, 1 U.C.C. Reporting Service 624, 625 (D.Conn.1963). The California Code Comment for Section 1201 (39) explains that the section is meant to adopt the practice approved elsewhere in the California codes, recognizing signature by mark. It was not intended to require more than the signature of the party required to sign.
The Trustee's second contention causes greater difficulty.[3] The signature requirement of Section 9402, like the remainder of the California Commercial Code, is to "be liberally construed and applied to promote its underlying purposes and policies." California Commercial Code Section 1102(1). The "purposes and policies" of the Commercial Code generally are:
(a) To simplify, clarify and modernize the law governing commercial transactions;
(b) To permit the continued expansion of commercial practices through custom, usage and agreement of the parties;
(c) To make uniform the law among the various jurisdictions.
California Commercial Code Sections 1102(2) (a), (b) and (c). And the introductory comment to Division 9 of the California Commercial CodeSections 9101 et seq.  describes the purpose of that Division in the following manner:
The broad approach of Division 9 is to cover (1) the creation of a security interest with priorities and (2) the *40 giving of notice of a security interest to third parties.
23C West's Annotated California Codes 296 (1964). It follows that the Financing Statement should be liberally construed in favor of creating a security interest without defeating other basic policies underlying the California Commercial Code.[4] While ordinarily a corporation may act only through its agents, the California Legislature recognizes that considerations may at times justify departing from strict adherence to this rule. See, for example, California Corporations Code Section 803(c).[5] The signed name of Raven Industries in the space provided for the secured party's signature conceals nothing which might defeat the purposes of the California Commercial Code. The Financing Statement as filed and available to subsequent prospective creditors of Sport Shack would not have misled them in any significant manner, and they would have been denied no information material to making intelligent decisions regarding extending credit to Sport Shack. Raven acted in reliance on its Financing Statement by taking such affirmative actions as filing the Statement with the Secretary of State and extending credit to Sport Shack. The purposes of Division 9 of the California Commercial Code will best be served under these circumstances by giving effect to the manner in which Raven signed the Financing Statement. Accordingly, the decision of the Referee is overruled to the extent that it held that Raven failed to sign the Financing Statement.
The Trustee challenges the Referee's finding that the debtor, Sport Shack, had properly signed the Financing Statement. The Statement was signed for the debtor by Steve Falconer, an officer of Sport Shack. Under his name he wrote the name and address of the real debtor, Sport Shack. The Secretary of State listed the transaction under the name of Sport Shack, and the record shows that a request for a list of secured transactions involving Sport Shack produced from the Secretary of State the transaction here in question. The manner in which the Financing Statement was signed was not seriously misleading, and, again, it is consistent with the purposes of Division 9 of the California Commercial Code that Raven's security interest not be destroyed when the Statement substantially complies with the requirements of California Commercial Code Section 9402.
The Referee correctly found the Financing Statement satisfied the requirement that the name and address of the debtor appear on its face. Sport Shack's name and address appear twice on the Financing Statement; at the top of the invoice and again at the bottom *41 in the space provided for "debtor". The Trustee does not argue that the manner in which Sport Shack executed this document was misleading or that anyone was misled; she asserts only a lack of technical precision in preparing the Statement. But since it is clear that at the time the Statement was filed the parties attempted to comply with the statute and intended to create a security interest on behalf of Raven, and since the statute is to be liberally construed in favor of creating a security interest and requires no more than substantial compliance with its terms, and since the Financing Statement as filed was neither incomplete nor misleading, this Court should recognize and enforce the security interest.
Finally, the Trustee claims the Financing Statement is deficient because it contains an inadequate description of the collateral. "The test of the sufficiency of the description is whether it would indicate to an interested third party the possible existence of prior encumbrances on the collateral." In re Munger, 495 F.2d 511, 512 (9th Cir. 1974); Biggins v. Southwest Bank, 490 F.2d 1304, 1307 (9th Cir. 1973). In this case the Financing Statement is contained on the invoice used in the transaction. While the merchandise in question is not explicitly described on the document, sufficient information is set forth to enable a prospective creditor to make an intelligent inquiry; and to a person familiar with the industry the description is adequate as it is. Accordingly, the description contained in the Financing Statement complies with Section 9402.
The Court concludes, therefore, that Raven's asserted security interest is valid and that the decision of the Referee will be reversed. Counsel for Raven will submit an appropriate form of Judgment.
NOTES
[1] The Trustee's claims will be considered individually, infra. Briefly, the Trustee asserts the following defects in the Financing Statement, each of which, she argues, is sufficient to invalidate whatever security interest Raven might otherwise have enjoyed:

1) Debtor failed to sign Financing Statement.
2) Secured party failed to sign Financing Statement.
3) Financing Statement did not properly state the name and address of the debtor.
4) Financing Statement failed to set forth an adequate description of the collateral.
[2] The Referee in Bankruptcy declared Raven's alleged security interest invalid on the ground that the secured party, Raven, had failed to sign the Financing Statement.
[3] The Trustee places heavy reliance on the unsupported assertion in a publication by the California Continuing Education of the Bar, that:

If the debtor, or an additional debtor, is shown as a corporation, the name of the corporation must be shown above the signature of the corporate officer who signs.
3 California Continuing Education of the Bar, California Commercial Law § 5.20 at 241 (1966).
[4] Furthermore, Cal.Comm.Code § 1106(1) provides:

The remedies provided by this code shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed . . . .
While Sections 9101 et seq. concern security devices rather than remedies, a security device is in the nature of a remedy. Through the security device the parties to a transaction agree upon and secure their respective rights should one party fail to perform one or more of his obligations under the agreement. The security device is, in a sense, a remedy before the breach, and its terms should, like other remedies in the Commercial Code, be liberally construed. California Commercial Code Section 1106(1).
[5] California Corporations Code Section 803 (c) provides as follows:

(c) Validity of contracts and conveyances. Any contract or conveyance made in the name of a corporation which is authorized or ratified by the directors, or is done within the scope of the authority, actual or apparent, given by the directors, except as their authority is limited by law other than by Part 9 of this division, binds the corporation, and the corporation acquires rights thereunder, whether the contract is executed or wholly or in part executory.